WIGGINTON, Judge.
Appellants, P.T. and her husband R.T., appeal a final order of the Department of Health and Rehabilitative Services (Department), which rejected the hearing officer’s recommended order and determined that appellants are disqualified, pursuant to section 402.305(l)(a), Florida Statutes, from licensure to operate a child care facility. We affirm.
P.T. applied under chapter 402 for licen-sure by the Department to operate a child care facility in her home. Section 402.305 sets forth minimum licensing standards and section 402.305(l)(a) sets minimum standards for the screening of “child care personnel.” According to 402.302(8), the term “child care personnel” includes any member, over the age of twelve years, of a child care facility operator’s family residing with the child care facility operator if the facility is located in or adjacent to the home of the operator. Section 402.313, Florida Statutes, also includes members of a family day care home operator’s family under the definition of “child care personnel.”
The Department denied P.T.’s application on the ground that R.T., who, as the husband of P.T. is included within the statutory definition of child care personnel, failed to meet the minimum standards for screening set forth in 402.305(l)(a)26, which provides that the minimum standards for screening “shall ensure that no child care personnel ... have been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense prohibited under ... Chapter 893.” Indisputably, in 1971, appellant pled guilty to two felony counts of illegal sale of barbiturates, which at that time was proscribed by chapter 404, Florida Statutes, a predecessor to the current chapter 893. Chapter 893 was enacted in 1973 and continues to proscribe the sale of barbiturates as did chapter 404.
Appellants argue that since R.T. pled to offenses under chapter 404, which, unlike chapter 893, is not specifically enumerated in 402.305(l)(a), his plea is not a bar to meeting the minimum standards for screening under section 402.305. The hearing officer agreed with appellants and concluded that no basis exists upon which to apply 402.305(l)(a)26 to them. The Department rejected that conclusion upon the following reasoning: The legislative intent under 402.305 is to “keep individuals who have violated drug laws away from children”; clearly the legislature did not intend the disqualification of 402.305(l)(a)26 “to apply only to individuals with criminal records acquired after 1973”; to find otherwise would result in absurdity.
While we find no fault in the Department’s reasoning, we affirm its disqualification of appellants from licensure for a more simplistic and direct reason. The clear wording of 402.305(1) provides for the disqualification of an individual who has pled guilty to “any offense” prohibited under chapter 893. The statute does not require that the individual in question must have been found guilty or otherwise processed specifically under chapter 893. Since chapter 893 proscribes the previous chapter 404 offense to which R.T. pled guilty in 1971, that offense is now an “offense prohibited under Chapter 893.” Thus, clearly the 402.305(l)(a)26 criteria have been met in this case and the Department acted correctly in finding appellants *1226 disqualified under that statute. As recognized by the Department in the order on appeal, this disqualification determination is without prejudice to appellants’ right to request an exemption hearing pursuant to section 402.305(l)(c)2.
AFFIRMED.
SMITH, C.J., and WENTWORTH, J., concur.